The People of the State of New York, Respondent, *v.* Craig Killgo, Appellant.

Fourth Department, January 15, 1970.

*William C. Arrison* for appellant.

*Robert J. Sullivan* (*W. Park Catchpole* of counsel), for respondent.

Bastow, J. Defendant appeals from a judgment convicting him of a violation of section 1747-b of the former Penal Law. While we are directed by statute to disregard technical errors which do not affect the substantial rights of an appellant (Code Crim. Pro., § 542) we conclude that the conduct of the Trial Judge herein may not be characterized as a series of "technical errors" but to the contrary, effectively deprived appellant of a fair and impartial trial.

Repeated comments by the court throughout the trial could only have conveyed to the jury the court's strong impression of defendant's guilt. We cite two examples. Defendant was charged with selling a number of Doriden tablets — a depressant drug — that had been prescribed for his use by a doctor. When testifying in his own behalf appellant was asked by his counsel if he received tablets from his doctor similar to those previously received in evidence. After there had been an affirmative answer the court sustained an objection to the question and remarked "that even if a doctor did prescribe this sort of a drug, that does not give this man the right to go and sell it to somebody else, does it?" An exception was taken because in counsel's

words the remarks went " to the heart of the case " as indeed they did.

The principal witness for the People was a Federal narcotics agent who testified that with the assistance of a so-called "informer" he purchased the tablets from defendant. On cross-examination the witness was asked if it was the duty of the informer to seek out drug sellers. An objection of the prosecutor was overruled but the court remarked " How else do they run these people down? You can object to that remark, too, counsel." There was not only an objection but a denied motion for a mistrial.

We conclude that these and many other comments of the Trial Judge during colloquy with defense counsel and in making rulings (to each of which defense counsel respectfully objected or excepted) were improper and prejudicial. They could only have conveyed to the jury the court's firm opinion of defendant's guilt. The cumulative effect of these errors doubtless influenced the verdict. They may not be deemed to have been technical errors which did not affect appellant's substantial rights. In the interest of justice a new trial is mandated.

In view thereof we direct attention to another error in the receipt of evidence. On the date (Aug. 2, 1967) of the alleged sale subdivision 1 of section 1747-b of former Penal Law prohibited, among other things, the sale of any depressant or stimulant drug in violation of any section of article 33-A of the Public Health Law. Paragraph (c) of subdivision 1 of section 3371 (found in that article of the Public Health Law) then defined a depressant or stimulant drug as one containing any quantity of a substance which the Commissioner of Public Health, after investigation, had found to have, and by regulation had designated as having, a potential for abuse because of its depressant or stimulant effect on the central nervous system.

On the trial there was received in evidence over objection a certified copy of a regulation of the Commissioner, as amended effective May 6, 1968, which established that on that date such a finding had been made as to glutethimide (Doriden). This, of course, was error as the exhibit showed on its face that the regulation (10 NYCRR 81.46) had been twice amended (March 7, 1968 and May 6, 1968) after the date of the alleged crime (Aug. 2, 1967). We take judicial notice (CPLR 4511, subd. [a]), however, that the section (81.46 [b] [3] [i]), as last amended (Jan. 25, 1967) prior to the crucial date, included glutethimide (Doriden) as one having been found by the Commissioner to meet the standards set forth in the Public Health Law (§ 3371, subd. 1, par. [c]). The subsequent (1968) amendments made